IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PARMINDER SINGH, et al.,<br><br>    Plaintiffs-<br>    counterdefendants,<br><br>VS.<br><br>NARINDER BAJWA d/b/a BMS<br>CONSULTANTS,<br><br>    Defendant-<br>    counterplaintiff. | §<br>§<br>§<br>§<br>§ Civil Action No. 3:08-CV-0383-D<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

MEMORANDUM OPINION
AND ORDER

The instant motions for summary judgment and to dismiss require the court to address the viability of counterclaims for breach of contract and fraud arising from a transaction involving an investment in hotel property. For the reasons explained, the court grants both motions, but it grants the counterplaintiff leave to amend his fraud counterclaim.

I

Defendant-counterplaintiff Narinder Bajwa ("Bajwa") agreed to invest $600,000 in certain property (the "Hawthorne Suites" or, the "property") owned by plaintiff-counterdefendant Parminder Singh ("Singh"). In exchange, he was to receive a monthly payment of $7,500 for the first 12 months following the investment; the right to receive an additional $30,000 payment after one year, if certain conditions were met; an option to purchase 25% equity in the property after one year; a right of first refusal on any offer to

sell equity in the property; and an option to purchase additional equity on terms to be determined later.[1] Upon transferring the agreed funds, Bajwa received a promissory note that was secured by a deed of trust.

In January 2008, approximately ten months after the investment was made, Singh—acting through plaintiff Akal VIII Management, LLC ("Akal")—sold the Hawthorne Suites to a third party. The title transfer was recorded on January 30, 2008, but the escrow agent refused to release the money for the purchase until a payoff statement could be obtained from Bajwa. On February 1, 2008, following negotiations between the parties, Bajwa agreed to accept a payoff of $625,000. The funds for the purchase were then transferred to Singh and Akal.

Some time after the transaction was finalized, Bajwa asserted that he was entitled to more money. He maintained that plaintiffs had breached certain terms of the parties' contract that granted him an option to purchase equity and a right of first refusal. Plaintiffs responded by bringing the instant suit for a judgment declaring that they did not breach the contract. Bajwa counterclaims, asserting causes of action for breach of contract and fraud.

---

[1]These terms are memorialized in a Memorandum of Understanding, and the parties dispute its enforceability. For purposes of deciding these motions, the court assumes *arguendo* that the agreement is enforceable.

Singh and Akal now move for summary judgment on their declaratory judgment action and move for dismissal of Bajwa's fraud claim. Bajwa opposes both motions and requests a continuance of the summary judgment motion under Fed. R. Civ. P. 56(f).[2]

II

The court turns first to plaintiffs' summary judgment motion. To apply the proper legal standard, the court must decide as a threshold matter which party has the burden of proof on the contract claim. The party alleging breach of contract typically bears the burden of establishing each element of the claim. *E.g., Preston State Bank v. Jordan,* 692 S.W.2d 740, 744 (Tex. App. 1985, no writ). Ordinarily, this party is also the one who has filed suit. *See, e.g., id.* But in the context of this declaratory judgment action, the parties who *deny* that there has been a breach of contract are the ones who filed suit. Courts disagree over whether a declaratory plaintiff, as the party who filed suit, has the burden of affirmatively disproving his opponent's potential claims (e.g., for breach of contract) in order to obtain declaratory relief. *See generally* 10B Charles Alan Wright, et al., *Federal Practice and Procedure* § 2770, at 677-80 (3d ed. 1998) (citing cases and noting arguments on both sides). But in this diversity case, the court is guided by how Texas courts have

---

[2]Bajwa also moves to strike certain summary judgment evidence. Because the court has not relied on the challenged evidence in reaching today's decision, it denies the motion as moot.

resolved the issue. *See Ideal Mut. Ins. Co. v. Last Days Evangelical Ass'n,* 783 F.2d 1234, 1240 (5th Cir. 1986) (holding that issue of burden proof is substantive—rather than procedural—and is governed by forum state's law); *Fireman's Fund Ins. Co. v. Videfreeze Corp.*, 540 F.2d 1171, 74-75 (3d Cir. 1976) (holding that in federal declaratory judgment action, burden of proof as to non-federal matters is determined by law governing similar declaratory actions in forum state); *Farnsworth Cannon, Inc. v. Grimes*, 635 F.2d 268, 273 n.11 (4th Cir. 1980) (same) ("When state law provides the rule for decision in a suit for declaratory judgment in federal court, whether or not the burden of proof should be shifted [to the declaratory plaintiff] is determined according to the rule in the forum state for similar declaratory actions."). Under Texas law, "the burden of proof in a declaratory judgment [action] . . . is not controlled by the position of the parties on the docket as plaintiff or defendant." *Harkins v. Crews*, 907 S.W.2d 51, 58 (Tex. App. 1995, writ denied) (internal quotation marks omitted). Rather, "the party asserting the affirmative of the controlling issues [is the one who] bears the burden." *Myrad Props., Inc. v. LaSalle Bank Nat'l Ass'n*, 252 S.W.3d 605, 625-26 (Tex. App. 2008, pet. filed) (internal quotation marks omitted). Accordingly, because Bajwa is the party asserting the breach of contract claim, he will bear the burden at trial of establishing the elements of the claim. *See, e.g., Pace Corp. v.*

*Jackson*, 155 Tex. 179, 284 S.W.2d 340, 350-51 (1955) (holding that defendant who asserted breach had burden of proving proper construction of contract where plaintiff sought declaratory judgment on issue).

III

A

Because Bajwa bears the burden of proving that there was a breach of contract, plaintiffs can obtain summary judgment by pointing the court to the absence of evidence to support this claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once plaintiffs do so, Bajwa must go beyond his pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for plaintiffs. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Bajwa's failure to produce proof as to any essential element renders all other facts immaterial. *Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmoving parties fail to meet this burden. *Little*, 37 F.3d at 1076.

B

The elements of a breach of contract claim are (1) the existence of a valid contract; (2) performance or tendered

performance by the party asserting the claim; (3) breach of the contract by the party against whom the claim is brought; and (4) damages sustained as a result of the breach. *See Winchek v. Am. Exp. Travel Related Servs. Co.*, 232 S.W.3d 197, 202 (Tex. App. 2007, no pet.). In moving for summary judgment, plaintiffs maintain that Bajwa cannot establish the second element because he never attempted to exercise his equity purchase option or right of first refusal. Bajwa responds that he was excused from tendering performance because plaintiffs repudiated the contract when they transferred title to the Hawthorne Suites on January 30, 2008, which was before he learned of the transaction on February 1, 2008 (the date he submitted the payoff statement).

A party is excused from tendering performance when the opposing party breaches by repudiation. *See Burford v. Pounders*, 145 Tex. 460, 199 S.W.2d 141, 145 (1947) ("[T]ender is . . . excused where [a] defendant repudiates the contract[.]" (internal quotation marks omitted)). Repudiation, or "anticipatory breach," is "a positive and unconditional refusal to perform the contract in the future, expressed either before performance is due or after partial performance." *Van Polen v. Wisch,* 23 S.W.3d 510, 516 (Tex. App. 2000, pet. denied). It "is conduct that shows a fixed intention to abandon, renounce, and refuse to perform the contract." *Jenkins v. Jenkins,* 991 S.W.2d 440, 447 (Tex. App. 1999, pet. denied). The intent to abandon must be manifested in

"definite and unequivocal" terms. *Baytown State Bank v. Don McMillian Leasing Co.,* 551 S.W.2d 771, 774 (Tex. Civ. App. 1977, writ ref'd n.r.e.) (internal quotation marks omitted). "[T]here is no repudiation if the refusal to perform is based upon a genuine mistake or misunderstanding as to matters of fact or law." *Jenkins*, 991 S.W.2d at 447.

Under these principles, the mere fact that legal title to the Hawthorne Suites was transferred on January 30, 2008 is not of itself sufficient to establish that plaintiffs had an "unequivocal" and "fixed intention" to repudiate Bajwa's contractual rights. According to the summary judgment evidence, plaintiffs informed Bajwa of the sale of the Hawthorne Suites in order to negotiate a payoff statement. There is no record evidence that they were attempting to avoid Bajwa's contractual rights at that time, or that Bajwa even mentioned these rights before agreeing to a payoff amount. Thus the record would not permit a reasonable jury to find, based on the transfer of title alone, that plaintiffs clearly intended to repudiate Bajwa's contractual rights.

Bajwa next suggests that his tender of performance would have been futile under the circumstances. *See Burford,* 199 S.W.2d at 145. ("[A] formal tender is excused where a tender would be a useless and idle ceremony." (internal quotation marks omitted)). Tender "'is excused where the vendor or seller has put it out of his power to perform, as where he has conveyed the property . . .

to a third person.'" *Chapman v. Olbrich,* 217 S.W.3d 482, 491 (Tex. App. 2006, no pet.) (quoting *Burford,* 199 S.W.2d at 145). But a reasonable jury could not find, based on the January 30, 2008 transfer of title alone, that plaintiffs would have been powerless to perform had Bajwa attempted to exercise his right of first refusal or equity purchase option. It is undisputed that the escrow agent was holding the funds for the property until after the payoff statement was submitted, and there is no summary judgment evidence that, under the terms of the transaction, the title transfer could not have been abrogated had Bajwa refused a payoff.

IV

Bajwa requests in the alternative that the court continue the summary judgment proceedings to allow for additional discovery.

Rule 56(f) provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

"The Rule is an essential ingredient of the federal summary judgment scheme and provides a mechanism for dealing with the problem of premature summary judgment motions." *Parakkavetty v. Indus Int'l, Inc.*, 2004 WL 354317, at *1 (N.D. Tex. Feb.12, 2004) (Fitzwater, J.) (citing *Owens v. Estate of Erwin*, 968 F. Supp. 320, 322 (N.D. Tex. 1997) (Fitzwater, J.)). "The continuance authorized

by Rule 56(f) is a safe harbor built into the rules so that summary judgment is not granted prematurely." *Id.* (citing *Union City Barge Line Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987)).

"To comply with the Rule, the party opposing summary judgment must file the specified non-evidentiary affidavit, explaining why he cannot oppose the summary judgment motion on the merits." *Id.* "The party may not rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but must instead identify a genuine issue of material fact that justifies the continuance pending further discovery." *Id.* (citations omitted). "A party seeking a continuance of a motion for summary judgment must demonstrate why he needs additional discovery and how the additional discovery will create a genuine issue of material fact." *Id.* (citing *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)).

These principles preclude the requested relief. Bajwa has neither filed the required evidentiary affidavit nor specified the nature of the evidence that he believes discovery would produce. He merely relies on a vague, conclusory assertion in his motion that discovery would produce evidence that the contract was repudiated. This is not enough to satisfy the standards of Rule

56(f).³

V

The court now turns to plaintiffs' motion under Rules 9(b) and 12(b)(6) to dismiss Bajwa's fraud counterclaim.

A

1

In deciding a motion to dismiss under Rule 12(b)(6), "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to [Bajwa].'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, [Bajwa] must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007)). "'Factual allegations must be enough to raise a right to relief above the speculative level[.]'" *Id.* (quoting *Bell Atl.*, 127 S.Ct. at 1965). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [Bajwa's] obligation to provide the grounds of [his] entitlement to relief require[s] more than labels and conclusions,

---

³Bajwa also maintains that additional discovery would uncover proof that the parties intended to form a binding contract. This does not warrant a continuance because the court has assumed *arguendo* the existence of a binding contract in reaching today's decision.

and a formulaic recitation of the elements of a cause of action will not do [.]" *Bell Atl.*, 127 S.Ct. at 1964-65 (internal citations, quotation marks, and brackets omitted).

2

Rule 9(b) imposes additional requirements for fraud claims. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Rule 9(b). A complaint alleging fraud must specify the "'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentations and what [the person] obtained thereby.'" *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)). A plaintiff must "'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997)). In other words, the requirements are analogous to "the first paragraph of a newspaper story, namely the who, what, when, where, and how." *Melder v. Morris*, 27 F.3d 1097, 1100 n.5 (5th Cir. 1994) (citing *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)). This Rule should be applied "with force, without apology." *Williams*, 112 F.3d at 178. "'[T]he particularity

demanded by Rule 9(b) differs with the facts of each case[.]'" *United States ex rel. Wilkins v. N. Am. Constr. Corp.*, 173 F.Supp.2d 601, 613 (S.D. Tex. 2001) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000)); see *Williams*, 112 F.3d at 178 (noting that "courts have emphasized that Rule 9(b)'s ultimate meaning is context-specific.").

Rule 9(b) is not intended, however, "to procure punctilious pleading detail." *Steiner v. Southmark Corp.*, 734 F.Supp. 269, 273 (N.D. Tex. 1990) (Fitzwater, J.). It serves neither "as a throwback to the hypertechnical pleading requirements of the Field Code nor requires needlessly repetitive pleading." *Id.* (citing *In re Commonwealth Oil/Tesoro Petroleum Corp. Sec. Litig.*, 467 F.Supp. 227, 251 (W.D. Tex. 1979) (Higginbotham, J.)). Rule 9(b) must be "'read in conjunction with [Rule] 8 which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting *Landry v. Air Lines Pilots Ass'n Int'l AFL-CIO*, 892 F.2d 1238, 1264 (5th Cir. 1990) (some internal quotation marks omitted)). Thus it must be viewed in light of Rule 8(a)'s goal of "simple, concise, and direct" pleadings. *Williams*, 112 F.3d at 178 (quoting Rule 8(e)(1)).

> The court's key concern in assessing a complaint under Rule 9(b) is to determine whether the plaintiff seeks to redress specific wrongs or whether the plaintiff instead seeks the opportunity to search out actionable wrongs. The complaint must be sufficiently particular to show that the plaintiff is not seeking a license to go

fishing for indicia of fraud.

*Garcia v. Boyar & Miller, P.C.,* 2007 WL 2428572, at *4 (N.D. Tex. Aug. 28, 2007) (Fitzwater, J.) (internal quotation marks omitted).

B

Bajwa avers in his counterclaim that "[p]laintiffs made material misrepresentations regarding [1] the effective structure of the purchase of the property and . . . [2] Bajwa's rights relative to the property." D. Am. Ans. & Countercl. ¶ 28. He elaborates only on the second allegation, asserting that "[p]laintiffs represented that Bajwa was purchasing equity . . . in the Property, without ever intending that Bajwa own any equity in the Property." The court concludes that neither assertion is sufficient to withstand plaintiffs' motion to dismiss.

First, a vague allegation that plaintiffs misrepresented "the effective structure of the purchase of the property" is plainly insufficient to meet the standards of Rule 9(b). Accordingly, this aspect of the fraud claim must be dismissed. Second, "[a] misrepresentation as to the legal effect of a document is regarded as a statement of opinion rather than of fact and will not ordinarily support an action for fraud." *Fina Supply, Inc. v. Abilene Nat'l Bank,* 726 S.W.2d 537, 540 (Tex. 1987). Such misrepresentations only support fraud claims under circumstances that have not been alleged here. *See id.* Accordingly, the ground for the counterclaim that relates to alleged misrepresentations of

Bajwa's contractual rights also must be dismissed.[4]

C

> [I]n view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (internal quotation marks omitted) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (Fitzwater, J.)).

Because the defects in Bajwa's counterclaim are not clearly incurable, and the court does not discern other circumstances that

---

[4]Although plaintiffs have not included this precise ground in their motion to dismiss, the court may rely on it *sua sponte* as a basis for dismissal. *See Coates v. Heartland Wireless Commnc'ns, Inc.*, 55 F.Supp.2d 628, 633 (N.D. Tex. 1999) (Fitzwater, J.); *Foreman v. Dallas County, Tex.*, 990 F. Supp. 505, 510 (N.D. Tex. 1998) (Fitzwater, J.) (three-judge court). "Even if a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties." 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 409 (3d ed. 2004). In this case, the court is granting Bajwa leave to amend, and he can attempt to cure this deficiency in his amended complaint. If he concludes that he cannot cure this defect by amendment, then to ensure that the procedure is fair, the court will allow him 30 days from the date this memorandum opinion and order is filed to submit a brief that sets out his opposition to dismissing his fraud claim on this basis.

warrant departure from the ordinary practice, the court will grant Bajwa one more opportunity to cure the deficiencies in his counterclaim. As set forth below, Bajwa may file an amended counterclaim that adequately pleads a fraud counterclaim.[5]

Accordingly, within 30 days of the date of this memorandum opinion and order, Bajwa may file an amended counterclaim that adequately pleads fraud. If Bajwa determines that he is unable to replead his allegation that plaintiffs misrepresented his rights under their contract, the court will allow him the same 30-day period to file instead a brief that sets out his opposition to dismissing his fraud claim on the basis set out in this memorandum opinion and order.

\* \* \*

For the reasons explained, the court grants plaintiffs' motion for summary judgment and motion to dismiss, and it also grants Bajwa leave to amend his fraud counterclaim.

**SO ORDERED**

August 19, 2008.

SIDNEY A. FITZWATER
CHIEF JUDGE

---

[5]The opportunity to amend does not extend to Bajwa's counterclaim for breach of contract. That claim has been dismissed on motion for summary judgment, not due to a pleading defect found in the counterclaim.